OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MANSFIELD

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MANSFIELD
2016 OK 7
Case Number: SCBD-6355
Decided: 01/26/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 7, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
CHRISTOPHER I. MANSFIELD, Respondent.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS
AND WAIVING COSTS.

¶1Upon consideration of the Oklahoma Bar Association's application for an order approving the Resignation Pending Disciplinary Proceedings executed by Christopher I. Mansfield in conformity with the requirements of Rule 8.1, Rules Governing Disciplinary Proceedings ("RGDP"), 5 O.S. 2011, Ch. 1, App. 1-A, the Court finds:

1. Attached and marked as Exhibit "1" is respondent's affidavit stating his free and voluntary resignation from membership in the Oklahoma Bar Association. Respondent's membership status is suspended pursuant to SCBD #6103, 2015 OK 22, 350 P.3d 108.

2. Respondent's official roster address as shown by the Oklahoma Bar Association's records is: 1921 S. Boston Avenue, Tulsa, Oklahoma 74119.

3. Complainant has incurred no investigative costs in the investigation of the grievances filed against respondent and is not seeking reimbursement.

4. Respondent's affidavit states that he desires to freely and voluntarily resign; he is not subjected to coercion or duress; he is aware of the consequences of submitting his resignation; and he is aware that his resignation is subject to the approval of the Supreme Court and that he intends for his resignation to be effective from the date and time of its execution and he will conduct his affairs accordingly.

5. Respondent states that he is aware of the following grievances which have been filed with and investigated by the Office of the General Counsel, Oklahoma Bar Association:

LaDawn Buttrey Grievance: Regarding respondent's representation of LaDawn Buttrey in a personal injury matter, Ms. Buttrey alleges that respondent neglected her case and was not diligent or responsive in his representation. Furthermore, Ms. Buttrey alleges that he failed to file her personal injury case within the applicable statute of limitations period.

Catherine Welsh Grievance: Regarding allegations that respondent, while acting as personal representative, misappropriated estate funds In the Matter of the Estate of Beard, Case No. PB-2009-49, In the District Court of Tulsa County, State of Oklahoma.

Jim McGough Grievance: Regarding allegations that respondent, while acting as personal representative, misappropriated estate funds In The Matter of the Estate of Waller, Case No. PB-2012-74, In the District Court of Tulsa County, State of Oklahoma.

Jim McGough Grievance: Regarding allegations that respondent, while acting as personal representative, misappropriated estate funds In the Matter of the Estate of Haynes, Case No PB-2006-913, In the District Court of Tulsa County, State of Oklahoma.

Jim McGough Grievance: Regarding allegations that respondent, while acting as personal representative, misappropriated estate funds In the Matter of the Estate of Vice, Case No PB-93-229, In the District Court of Tulsa County, State of Oklahoma.

6. Respondent is aware that, if proven, the allegations concerning his conduct in the above-referenced grievances, would constitute violations of Rules 1.1, 1.3, 1.4, 1.5, 3.2, 3.3 and 8.4(b) of the Oklahoma Rules of Professional Conduct ("ORPC"), 5 O.S. 2011, ch. 1, app. 3-A and Rule 1.3, RGDP, and his oath as an attorney.

7. Respondent is aware that the burden of proof regarding the allegations set forth in the grievances rests upon the Oklahoma Bar Association, however, respondent waives the right to contest the allegations.

8. Respondent is aware that the either the approval or disapproval of his resignation is within the discretion of this Court.

9. Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and agrees to comply with the provisions of Rule 9.1 within twenty (20) days following the date he executed his resignation.

10. Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures directed by Rule 11, RGDP, and that he can make no application for reinstatement prior to five years from the effective date of the Order approving his Resignation Pending Disciplinary Proceedings.

11. Respondent acknowledges that as a result of his conduct, the Client Security Fund may receive claims from his former clients.

12. Respondent agrees that the Oklahoma Bar Association should approve and pay such Client Security Fund claims and that he will reimburse the fund the principal amounts and the applicable statutory interest prior to filing an application for reinstatement.

13. Respondent states that he is unable to locate his Oklahoma Bar Association membership card and he has not tendered the same to the Office of the General Counsel.

14. Respondent acknowledges and agrees that he is to cooperate with the Office of the General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client case where fees or refunds are owed.

15. Respondent acknowledges the Oklahoma Bar Association has incurred no costs in the investigation of the grievances.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation pending disciplinary proceedings of Christopher I. Mansfield be approved.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the name of Christopher I. Mansfield be stricken from the roll of attorneys. Respondent shall not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, ORPC, respondent shall notify all of his clients having legal business pending with them of the necessity for promptly retaining new counsel. Respondent shall make repayment to the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct. The Oklahoma Bar Association claims no investigative costs were incurred in the investigation of the grievances, therefore, no costs are assessed in this proceeding.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 25TH DAY OF JANUARY, 2016.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2015 OK 22, 350 P.3d 108, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MANSFIELD
Discussed